82   11
93  165

[No. 12455.    Department One.—December 10, 1889.]

JOHN BOYLE, RESPONDENT, v. H. S. TIBBEY ET AL.,
APPELLANTS.

STREET ASSESSMENT — SAN FRANCISCO — MONTGOMERY AVENUE — CON-
STRUCTION OF SEWER.—Under the statutes of 1871–72, providing for
street work in the city and county of San Francisco, an assessment for
the construction of a sewer for one block, exclusive of crossings, on
Montgomery Avenue, a street dedicated to public use and laid down on
the city map, and which was an open public street, with width and
grade established, is valid, if made against all the lots fronting on said
block and the proposed work.  The limitation of the right to assess for
improvements at street crossings to such streets as are named and par-
ticularly described in said act does not apply to an assessment upon lots
fronting upon any recognized and open public street for the construction
of a sewer in front of such lots.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
denying a new trial.

The facts are stated in the opinion of the court.

*E. J. & J. H. Moore*, and *J. C. Bates*, for Appellants.

*J. M. Wood*, for Respondent.

WORKS, J.— This is an action to foreclose an assess-
ment for the construction of a sewer on Montgomery
Avenue, in the city of San Francisco.

The court below found for the plaintiff, and rendered
a decree foreclosing the lien.  A motion for a new trial
was denied, and the defendants appeal.

The only question in the case is as to the validity of the assessment. The appellants contend that the assessment on its face was void, for the following reasons:—

"1. Said assessment is not uniform, because not all the lots in the assessment district are assessed, but many are omitted.

"2. A part of block opposite, about one quarter of the sewer, not assessed at all.

"3. There is no law to assess irregular lots fronting on Montgomery Avenue.

"4. Not all the lots in the assessment district benefited for the opening of the avenue assessed, and for that reason assessment void."

We think the first, second, and third objections are not borne out by the facts as they appear in the record. The resolution of intention and order for the work was for a sewer extending the distance of one block from the intersection of Montgomery Avenue and Lombard Street to the intersection of said avenue with Chesnut Street, and did not include any part of the crossings of said streets, and all of the lots fronting on said block and the proposed work were assessed. This, it seems to us, is a complete answer to these objections.

It is contended, in support of the third objection, that the only provision of the law for making assessments is found in section 8 of the statutes of 1871–72, page 809, subdivision, 1 to 11 inclusive; that the statute only provides for the assessment of Market Street and other streets *other than* at right angles according to certain maps with *crossings and spaces colored;* and that, there being no method provided for assessing Montgomery Avenue, which is not specifically named or included in the general designation of streets "other than at right angles" according to certain maps, the assessment was without authority of law.

This was held to be so as to Montgomery Avenue *crossings* in *Kelly* v. *Luning,* 76 Cal. 311; but this was

based upon the fact that there was no law authorizing assessments for work done on the intersections of streets running diagonally across the blocks except Market Street, which was specifically mentioned and provided for. But conceding this to have been so as to these street crossings, it is not so, we think, as to the streets. The right to assess for street crossings was provided for by specific reference to certain streets by name or by description which did not include the crossings ·of Montgomery Avenue with some other streets. (Stats. 1871–72, p. 810, sec. 8, subd. 8.) This is not true of the street itself which is included, not only in the work that may be ordered by the board of supervisors, but in the provision of the statute authorizing and providing for the mode of assessment. Sections 1 and 2 of the statute provide:—

"All streets . . . . as laid down on the map now in the office of the city and county surveyor of the city and county of San Francisco, . . . . and all other streets . . . . now dedicated or open to public use, are hereby declared to ·be open public streets . . . . for the purpose of ·this law; and the said board of supervisors are hereby invested with jurisdiction to order any of the work mentioned in section 3 of this act to be done on any of said streets . . . . when the grade and width of said streets . . . . have been officially established.

"Sec. 2. All streets . . . . now open, or which may hereafter be open, to public use shall be deemed to be open public streets . . . . for the purposes of this act, and the board . . . . shall have the same jurisdiction to order work to be done thereon."

The complaint alleges, and it is not denied, that Montgomery· Avenue between the streets mentioned was dedicated to public use and laid down on the map, and was an open public street, the width and grade of which had been established.

Section 3 of the statute authorizes the board of super-

visors to order the whole *or any portion* of said streets sewered, and subdivision 2 of section 8 provides for the assessment of property fronting on the work, as was done in this case.

Judgment and order affirmed.

Fox, J., and PATERSON, J., concurred.